## ISABELLA BANK & TRUST v PAPPAS

### OPINION OF THE COURT

1. JUDGMENT—CONSENT JUDGMENT—SETTLEMENT OFFER—LEGAL SIGNIFICANCE.

A defendant's consent or confessed judgment may be nothing more than a settlement offer under another name, and where the plaintiff never agreed to its terms it has no legal significance.

2. PLEADING—AMENDMENT—JUDGE'S DISCRETION—JUSTICE—COURT RULES.

Leave to amend pleadings shall be freely given when justice so requires (GCR 1963, 118.1).

3. BILLS AND NOTES—CO-SIGNED NOTES—CONSIDERATION—BENEFIT TO WIFE'S ESTATE—QUESTION OF FACT.

A judgment on a note co-signed by a husband and wife may reach only property of the wife which is jointly held with her husband unless consideration for the note passes directly to the wife's estate; whether a wife intends her own estate to benefit by her co-signature on a guarantee of payment is a factual question which can only be resolved by weighing the wife's testimony and credibility.

4. JUDGMENT—SUMMARY JUDGMENT—INAPPROPRIATE RELIEF—QUESTION OF FACT—WITNESSES.

Summary relief is inappropriate where a question of fact turns on the credibility of a witness.

5. HUSBAND AND WIFE—STATUTES—MARRIED WOMEN'S ACT—FAMILY SECURITY AND PROTECTION—FRAUDULENT SCHEMES.

The married women's act serves as a shield for familial security

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments § 1083.
[2] 61 Am Jur 2d, Pleading §§ 308–310.
[3] 41 Am Jur 2d, Husband and Wife §§ 145, 146.
[4] 73 Am Jur 2d, Summary Judgment § 36.
[5] 16 Am Jur 2d, Husband and Wife § 17.
[6] 12 Am Jur 2d, Bills and Notes §§ 1150, 1151.

and protection of the innocent, and not as a sword to be utilized by the fraudulent in promoting their schemes (MCLA 557.51 *et seq.;* MSA 26.181 *et seq.).*

(PARTIAL CONCURRENCE AND PARTIAL DISSENT BY D. F. WALSH, P. J.)

6. JUDGMENT—SUMMARY JUDGMENT—BILLS AND NOTES—CO-SIGNED
   NOTES—HUSBAND AND WIFE—CONSIDERATION—BENEFITS TO
   WIFE'S ESTATE.

   *Summary judgment granted in favor of a wife holding that she has no several liability under a note signed by the wife and her husband should be affirmed where the trial court's determination that no consideration passed to the wife's estate was based on the evidence presented.*

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted June 23, 1977, at Lansing. (Docket No. 29393.) Decided October 24, 1977. Leave to appeal applied for.

Complaint by Isabella Bank and Trust against George P. Pappas, Ann Pappas and others seeking recovery on certain promissory notes. Defendants moved for summary judgment. Summary judgment granted to defendant Ann Pappas on the issue of her individual liability on the notes, but denied as to her joint liability with her husband George P. Pappas and the individual liability of George P. Pappas. Defendants George P. and Ann Pappas appeal. Plaintiff cross-appeals. Affirmed in part, reversed in part, and remanded.

*Newman & Mackay,* for plaintiff.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.,* for defendants.

Before: D. F. WALSH, P. J., and QUINN and H. D. Stair,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

H. D. Stair, J. On December 30, 1974, suit was commenced in Isabella County Circuit Court to collect on certain promissory notes executed by Sam and George Pappas and on a guarantee of payment executed by George Pappas and his wife Ann. The complaint alleged a joint and several liability on the part of all these defendants for the total amount owed plaintiff.

Following a change of venue to Ingham County, plaintiff filed an amended complaint without seeking leave of the court. This amendment alleged that George Pappas had made certain fraudulent misrepresentations to the plaintiff in obtaining the loans. This misrepresentation was that George Pappas certified himself to be the owner of a particular parcel of realty in East Lansing, Michigan, when in fact the land was owned solely by Ann Pappas. This amended complaint was later withdrawn.

On January 13, 1976, George and Ann Pappas filed a document denominated as a "consent to judgment". The document assented to all relief prayed for in the original complaint with the exception of the several liability of Ann Pappas.

Thereafter, defendants filed a motion for summary judgment of dismissal in their favor. Alternatively, the motion prayed for a judgment against George Pappas, severally, in the amount of $51,249.28 and against George and Ann Pappas jointly in the amount of $50,000, the latter sum representing the amount of the guarantee of payment. Individual liability of Ann Pappas was impliedly denied.

On January 26, 1976, plaintiff filed an answer to the motion for summary judgment. Also filed was an application for leave to amend the complaint. The amendment sought was the same as had been evidenced in the withdrawn complaint.

The trial court's final opinion dated June 24, 1976, denied the summary judgment to George and Ann Pappas because the "consent to judgment" did not accede to all the relief prayed for by the plaintiff. The trial court granted summary judgment to Ann Pappas on the issue of her several liability, citing the married women's property act, MCLA 557.51 *et seq.;* MSA 26.181 *et seq.;* as its basis.

Defendants have appealed from the denial of summary judgment in accordance with the "consent to judgment" and also from the order allowing the amendment. Plaintiff has cross-appealed on the issue of Ann Pappas' several liability.

## I. EFFECT OF THE "CONSENT TO JUDGMENT".

On January 13, 1976, as noted, George and Ann Pappas filed a "consent to judgment" with the trial court. That document stated:

"Now come the Defendants George P. Pappas and Ann Pappas and hereby consent to a judgment being entered against George Pappas individually and against George Pappas and Ann Pappas jointly in the amount of Fifty-One Thousand Two Hundred Forty-Nine Dollars and 28/100 ($51,249.28) together with whatever interest, costs and attorney fees the Court may order."

A close review of this document reveals it to be nothing more than a settlement offer under another name. There is no question that it is not a consent or confessed judgment since the plaintiff never agreed to its terms. See *Union v Ewing,* 372 Mich 181; 125 NW2d 311 (1963). The trial court's ruling that the "consent to judgment" had no legal significance is eminently correct.

## II. Amendment of Pleadings.

GCR 1963, 118.1 states in part that:

"Leave [to amend] shall be freely given when justice so requires."

In the case at bar, the plaintiff's amended complaint brought forth a new allegation, *i.e.,* that defendant George Pappas deliberately defrauded the plaintiff by falsely asserting ownership of certain realty in East Lansing when in fact that realty was owned by his wife. This claim clearly opened new avenues of proof and was plainly related to the subject matter of the litigation. Moreover, the amended complaint rather drastically altered the theory of the case.

The matter had not yet come to trial. It is axiomatic that amendments may be granted prior to trial without a claim of abuse of discretion where "justice so requires". That requirement was present in this case.

## III. Separate Liability of Ann Pappas.

As noted, the trial court's June 24, 1976, opinion found that no separate liability existed on the part of Ann Pappas despite her having signed the guarantee of payment. That decision was based on MCLA 557.51 *et seq.;* MSA 26.181 *et seq.,* which militates that unless consideration for a note passes directly to a wife's estate, a judgment on a note co-signed by her and her husband may reach jointly-held property only.

In the case at bar, pursuant to plaintiff's well-pleaded allegations, George Pappas fraudulently indicated in his financial statements an ownership of realty belonging, in fact, to his wife.

However, on January 18, 1974, Ann Pappas co-signed a guarantee of payment with her husband. The guarantee was intended as a further security to the earlier loan. There is at least a presumption that, in doing so, Ann Pappas intended to benefit the financial well-being of both spouses. There is nothing to indicate, however, that she did not expect to derive a personal benefit. Persons seldom obligate themselves without some expectation of gain in return.

Therefore, another presumption would exist, *i.e.,* that Ann Pappas intended to benefit her own estate. The issue of consideration is a factual question and cannot be resolved solely by affidavit.

In *Arber v Stahlin,* 382 Mich 300; 170 NW2d 45 (1969), it was conclusively stated that summary relief is inappropriate where a question of fact turns on a witness's credibility. Herein, the question of whether Ann Pappas intended her own estate to benefit by her co-signature on the guarantee of payment can only be resolved by Ann Pappas' testimony and credibility.

Moreover, it should be readily apparent to one and all that the married women's property act serves as a shield to familial security and protection of the innocent and that it does not serve as a sword to be utilized by the fraudulent in promoting their schemes.

## IV. CONCLUSION.

This matter is reversed and remanded to the trial court with directions to consider the separate liability of Ann Pappas. Affirmed as to all other questions. Costs to plaintiff-appellee and cross-appellant.

QUINN, J., concurred.

D. F. Walsh, P. J. *(concurring in part, dissenting in part).* I concur in the majority opinion except insofar as it reverses the trial court's grant of summary judgment in favor of defendant Ann Pappas with respect to the chargeability of her individual estate. In my opinion the trial court properly resolved that issue in its opinion and judgment.

I would affirm the trial court as to all issues.